[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15880

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01242-CV-T-MAP

WILLIAM P. PLANES,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 30, 2007)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. Taxpayer's argument that the December 16, 2002, notice of proposed assessment was sent to an incorrect address, thereby invalidating the assessment, is without merit because the notice was sent to the address specified in regulations which taxpayer does not contest. The notice was sent to the precise address listed by taxpayer in its most recent return, with the exception of an immaterial (more accurate) zip code. The finding that taxpayer had failed to advise IRS in a clear and concise manner of a change of address is amply supported in the record. The record is clear that taxpayer failed to advise Agent Stone of the old address which he wanted corrected, and that both Agent Stone and taxpayer himself were unaware during the July 2002 interview that the record address for the taxpayer was incorrect.

There is no merit in taxpayer's argument that he has not violated his duties under the offer in compromise. His argument that the withholding taxes for which he is liable as the responsible person are not "his taxes" is belied by the express provisions of item 5 of the offer in compromise itself which treat such withholding taxes as his taxes. For the same reason, his argument that his liability for the withholding taxes is a penalty, not a tax, and thus not a violation of his obligation under the offer in compromise to pay his taxes is without merit. Item 5 expressly

2

includes within the concept of his tax liabilities not only the tax itself, but also penalties. Furthermore, the statute expressly includes such penalties as part of the tax.

Taxpayer's argument that the corporation's belated payment of the withholding tax cures his previous default is without merit. The default occurred when the withholding taxes were not paid on time. While the belated payment eliminated the tax, it did not retroactively erase the previous default.

The taxpayer's conclusory argument about an ex parte communication does not warrant relief, both because of the conclusory nature of the argument in the brief, and also because the issue was not properly preserved for judicial review.

Accordingly, the judgment of the district court is

**AFFIRMED.**